UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jarred T. Molesky, et al., | Case No. 3:12-cv-02639 |
| Plaintiffs | |
| v. | MEMORANDUM OPINION AND ORDER |
| State Collection & Recovery Services, LLC., et al., | |
| Defendants | |

**BACKGROUND**

Prior to its removal on October 22, 2013, this case was initiated in September 2008, in Erie County Common Pleas Court, as a class action complaint by Jarred T. Molesky, and Jeffrey and Paula Hornyak against State Collection Recovery Services, LLC ("State Collection"). For purposes of simplification, I will refer to this case as the *Molesky* litigation. The *Molesky* Plaintiffs filed a motion for leave to amend to include the claims by Michael McCann and Kathleen Ahern and to add Fisher-Titus Medical Center ("Fisher-Titus") as a Defendant. On October 10, 2012, the Erie County Court of Common Pleas granted leave to amend the class action complaint and to add Fisher-Titus as a Defendant. The following day, October 11, 2012, the claims of McCann and Ahern were added to the *Molesky* litigation including the addition of Defendant Fisher-Titus.

As the motion to amend in *Molesky* was pending, on September 24, 2012, Michael McCann and Kathleen Ahern ("McCann Plaintiffs") filed an identical class-action complaint in the Erie

County Court of Common Pleas against the State Collection and Fisher-Titus. For purposes of this discussion, I will refer to that case as the *McCann* litigation.

On October 22, 2012, Fisher-Titus removed both state court actions to the Northern District of Ohio, Western Division. The *Molesky* litigation was assigned to the Hon. James G. Carr, Case No. 3:12 cv 2639. I drew the *McCann* litigation, Case No. 3:12 cv 2640.

On November 26, 2012, I held a Case Management Conference at which time I inquired about the status and relationship of the *Molesky* case before Judge Carr as it pertained to the *McCann* litigation. During the conference, counsel for Plaintiffs indicated they filed the *McCann* litigation because of a concern regarding the statute of limitations as the state court had not yet ruled on their pending motion to amend the complaint in the *Molesky* case.

On November 30, 2012, the *Molesky* Plaintiffs filed their motion to transfer or consolidate and a simultaneous notice was filed in the *McCann* litigation. On December 12, 2012, both cases were assigned to my docket. Following a pretrial conference in January, both Defendants filed motions to dismiss and opposition both to Plaintiffs' motion to transfer and for consolidation.

This matter is now before me on Plaintiffs' motion to consolidate and Defendants' motions to dismiss. For the reasons stated below, Plaintiffs' motion is denied and Defendants' motions are granted in part and denied in part.

## POSITIONS OF THE PARTIES

Initially, Plaintiffs moved to transfer the *Molesky* and *McCann* litigation to the same judicial officer because at that time the two cases were assigned to different judges. As both actions are now before me, the motion to transfer is effectively moot.

2

Alternatively, Plaintiffs move for consolidation of these actions pursuant to Fed. R. Civ. P. 42(a) in the interests of efficiency. Defendants State Recovery and Fisher-Titus both oppose the motion to consolidate and suggest three potential resolutions: (1) dismissing one of the two identical cases involving McCann and Ahern, if they will not voluntarily dismiss; (2) dismissing the claims in the *McCann* litigation or dismissing McCann and Ahern's claims from the *Molesky* litigation; or (3) dismissing all of McCann and Ahern's claims as time barred.

## APPLICABLE LEGAL STANDARDS

**Motion to Consolidate**

Consolidation of actions is governed by Fed. R. Civ. P. 42(a):

If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Consolidation streamlines the processing of cases thereby promoting judicial economy. *See* 8 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 42.10 (3d 3d. 2013). A district court enjoys broad discretion to consolidate where common questions of law or facts are present. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Consolidation is not warranted where it leads to "inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

**Fed. R. Civ. P. 12(c)**

The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). On a motion for judgment on the pleadings, all well-

pleaded allegations of the non-moving party must be taken as true. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). The pleadings must demonstrate sufficient factual matter, if taken as true, which state a claim "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 470 (2007). "A plaintiff falls short if [they] plead[] facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678) *cert denied*, 131 S.Ct. 1047 (2011).

## ANALYSIS

The parties are in agreement that the actions involve the same parties and claims. The only difference between the cases is that the *Molesky* case was initially filed in 2008 and the *McCann* litigation was filed in October 2012. I have reviewed the pleadings in each case and find that the factual allegations asserted by Plaintiffs McCann and Ahern are identical in both actions. The causes of action alleged in both cases are also identical except that the *Molesky* litigation includes an additional claim against the Defendants under 15 U.S.C. § 1692 (g), addressing requirements for validation of debts (Doc. No. 1-1 at pp. 18- 19), and such a claim is not present in the *McCann* litigation.

District courts have inherent power to manage their dockets in conjunction with the Federal Rules of Civil Procedure. *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993), *citing Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) and *Hanna v. Plumer*, 380 U.S. 460, 471 (1985). Management of the docket takes into consideration the economy of time and effort for the court, for counsel and the litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Consolidation is sought for efficiency, including avoidance of additional costs or delay. Consolidation of identical cases would undermine that purpose.

"As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1235, 1246, 47 L.Ed.2d 483 (1976).  When a federal court is presented with a duplicative suit, it may exercise its discretion to stay the suit before it, dismiss the suit before it, allow both suits to proceed, or, in some circumstances to enjoin the parties from proceeding in the other suit. *Twaddle v. Diem*, 200 Fed. Appx. 435, 438 (6th Cir. 2006) *citing Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).  To be a truly duplicative action, one case "'must be materially on all fours with the other'" and determination of the issues in one leaves little or nothing to be determined in the other. *Smith*, 129 F.3d at 361. (Citations omitted).

In this case, the same causes of action, save one, are alleged by identical plaintiffs against identical defendants.  All parties so agree.  Consolidation of two identical actions would in no way promote judicial economy.   In such a situation, a court is within its discretion to dismiss claims in a duplicative action. *See Ohio Midland, Inc. v. Proctor*, 2007 WL 1023916 (S.D. Ohio 2007). Consolidation of two identical actions is not the proper course of action here.  Therefore, Plaintiffs' motion for consolidation is found not well taken and denied.

Turning to their motions to dismiss, Defendants contend that McCann and Ahern's claims in the *Molesky* case do not relate back to the initial complaint under Fed. R. Civ. P. 15(c). Defendants assert that McCann and Ahern's claims under the Federal Debt Consumer Protection Act, 15 U.S.C. § 1692k(d) are barred by the applicable statute of limitations.  In turn, Plaintiffs oppose dismissal and challenge the Defendants' reliance upon materials outside the complaint in contravention of Rule 12(d).

In their motion to dismiss, Defendants State Recovery and Fisher-Titus contend that if I deny the motion to consolidate, one of the two identical actions should be dismissed.  Alternatively,

5

Defendants ask for dismissal of McCann and Ahern's entire claims based upon a bar under the applicable statute of limitations.

Given the identical nature of the claims and the parties in both cases, it makes the most sense to dismiss one of the two cases. As the *Molesky* litigation was filed first and contains an additional claim, I will dismiss the *McCann* litigation at this juncture. Since both cases have identical factual underpinnings, as regarding Plaintiffs McCann and Ahern, no prejudice will inure to either side by keeping the *Molesky* litigation intact at this stage. It would be inefficient to dismiss McCann and Ahern from the *Molesky* case and have them proceed in the *McCann* case as it might resurrect the plea for consolidation yet again. Dismissal of the *McCann* litigation will streamline the litigation for the parties, their counsel, and the Court.

Defendants' motion to dismiss the case based on a violation of the statute of limitations is denied without prejudice.

## Conclusion

Having considered Plaintiffs' motion to consolidate, Defendants' opposition, and Plaintiffs' reply, and having exercised my discretion under Fed. R. Civ. P. 42(a), the motion to consolidate is denied. (Doc. No. 11). Defendants' motions to dismiss (Doc. Nos. 15 and 16) are granted to the extent the *McCann* litigation, Case No. 3:12 cv 2640, is duplicative in all aspects.

Defendants' motion to dismiss (Doc. Nos. 15 and 16) regarding dismissal of the claims based on expiration of the statute of limitations arguments is denied without prejudice. Defendants granted leave to move for dismissal in *Molesky* on or before July 31, 2013, Plaintiffs granted until August 14, 2013, for response, and Defendants granted until August 21, 2013, for reply.

The Clerk shall also file a copy of this Memorandum Opinion and Judgment Entry in the *McCann* case, 3:12 cv 2640 and close that case.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge